**Wilson C. DUBOIS, Voluntary Administrator of the Estate of Samantha Dubois, Plaintiff,**

v.

**Franklin MOORE, Defendant and Third Party Plaintiff,**

v.

**N.K. GRAPHICS, INC., Third Party Defendant.**

Civ. A. No. 91–40140–GN.

United States District Court, D. Massachusetts.

May 17, 1993.

Nathaniel D. Pitnof, Kressler, Kressler & Pitnof, Worcester, MA, for plaintiff.

Alan Garber, Mason & Martin, Boston, MA, for defendant and third party plaintiff.

F.J. McDonald, Lewis A. Armistead, Jr., H. Charles Hambelton, Law Offices of F.J. McDonald, Malden, MA, for third party defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before the Court are: 1) motion of defendant and third party plaintiff, Franklin Moore ("Moore"), to transfer and 2) motion of third party defendant, N.K. Graphics, Inc. ("N.K."), to dismiss for lack of personal jurisdiction. Samantha DuBois, a Massachusetts resident, filed this personal injury action against Moore October 9, 1991, contending that Moore, a New York resident, is liable for injuries she received in a slip and fall

*sahn,* 671 F.2d at 695, and *Commodity Futures Trading Commission,* 655 F.2d at 782 n. 2.

accident that occurred on certain real property owned by Moore in Keene, New Hampshire. On November 8, 1991, Moore impleaded N.K., a New Hampshire corporation, alleging, under a lease agreement between N.K. and Moore, N.K. is obligated to indemnify Moore and hold him harmless from any judgment that plaintiff secures against him.

N.K. brought its motion to dismiss on February 4, 1992, and Moore filed his motion to transfer on February 19, 1992. On December 10, 1992, a suggestion of Samantha DuBois' death was filed, and the Court thereafter allowed a motion to substitute Wilson C. Dubois, Voluntary Administrator of the Estate of Samantha DuBois, as plaintiff.

### 1. MOTION TO TRANSFER

Moore moves the Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of New Hampshire. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"In ruling on a § 1404 transfer motion ... substantial weight must be attached to plaintiff's choice of forum." *S–G Securities, Inc. v. Fuqua Investment Co.*, 466 F.Supp. 1114, 1122 (D.Mass.1978). The convenience of the parties factor also weighs slightly in favor of this Court retaining jurisdiction, because Moore will be required to travel out of state regardless of whether this case is tried in Massachusetts or New Hampshire.

On the other side of the scale, the convenience of witnesses, and the interests of justice weigh in favor of transfer. Moore has identified in his motion several witnesses who live in New Hampshire. In contrast, plaintiff's opposition is silent on that issue. More importantly, the incident took place in New Hampshire and it appears likely that New Hampshire law will govern the dispute. Moreover, this Court does not appear to have personal jurisdiction over N.K. Thus, if this action were to proceed in Massachusetts, N.K. would likely be dismissed as a party. Under such a scenario, if plaintiff were to prevail, Moore would be forced to seek indemnification from N.K. in a separate lawsuit. The policy of resolving this entire dispute in one action would be served by transfer to the District Court for the District of New Hampshire, which undoubtedly has jurisdiction over N.K.

Having weighed the § 1404(a) factors, the Court concludes that Moore has overcome the presumption in favor of plaintiff's choice of forum. Accordingly, Moore's motion to transfer will be allowed.

### 2. MOTION TO DISMISS

Because of the decision to transfer this action, the Court declines to rule on N.K.'s motion to dismiss.

### ORDER

For the foregoing reasons, it is hereby ordered that the motion of defendant, Franklin Moore, to transfer is **ALLOWED**. The clerk is directed to effect transfer forthwith.